385.—1 Conn. R. 91.—6 Mass. R. 33.—18 Vt. R. 425.—2 Am. L. Reg. 232.—
8 Barr, 472.—3 Wend. 142.—18 *id.* 213.—4 Comst. 349. Neither was the
owner of land bound to fence against the cattle of an adjoining close. See the
same authorities, and also, G. and W. on Easements, 297; 2 Am. L. Reg. 236.
These rules have been somewhat modified by our statute. 1 R. S. ch. 38.

4. Our statute does not apply to a case like this. The owners of adjoining
lands, separated by a partition fence, are not bound to fence against the cattle
of an adjoining close; but are bound, at their peril, as at common law, to keep
their cattle at home. *Hurd* v. *R.* and *B. Railroad Co.* 2 Am. L. Reg. 236,
237.—*Rust* v. *Low*, 6 Mass. R. 94.—*Clark* v. *Adams*, 18 Vt. R. 425.—*Wright*
v. *Abert*, 8 Barr, 472.

5. The defendant ought, in the exercise of ordinary caution and diligence,
to have first repaired the fence; but having disregarded the law and tainted his
conduct with a spirit of injury and oppression, he is justly liable. 16 Conn.
R. 421.—19 *id.* 507.—1 A. and E. 35.—3 C. and P. 554.—15 E. C. L. R. 91.—
39 *id.* 252.—38 *id.* 252.—2 *id.* 183.—11 East, 567.—1 M. and G. 568.—4 Bing.
628.

SWARTS and Another *v.* THE STATE, on the relation of
PARCHEY and Wife.

In this case, the evidence is in the record, but there was no motion for a new
trial. The question whether the evidence sustains the judgment is not be-
fore the Court.

APPEAL from the *Warren* Court of Common Pleas,

*Per Curiam.*—This was an action by the state on the
relation of *Joseph Parchey* and *Mary*, his wife, against
*Daniel Swarts*, an executor, and his sureties, upon a bond
in the penalty of 3,200 dollars.

The bond recites that letters testamentary, with the will
annexed, had been duly granted to said *Daniel*, upon the
estate of *John Swarts* deceased; and is conditioned, in the
usual form, that the executor faithfully execute the duties
and trusts committed to him, &c.

For breach, it is alleged that in and by said will, *Mary
Parchey*, one of the relators, was entitled to a legacy of
50 dollars, which *Daniel Swarts*, the executor, was required
to pay; that said executor, at the *April* term, 1853, of the

*Warren* Common Pleas, fully settled the estate of the decedent, and that the 50 dollars was then retained by him to pay over to the legatee; and that the relators, in *December*, 1854, demanded said legacy of the executor, but he refused payment, &c.

The defendants answered that *Daniel Swarts* did faithfully perform his duties as executor, &c.; that he has always been ready to pay the 50 dollars for which the plaintiff sues; but that the relators did not, at any time before the commencement of this suit, demand the same; nor have they ever authorized any one to receive the money, &c. There was a reply in denial of the answer, &c.

The cause was submitted to the Court for trial, and final judgment given for the plaintiff.

The record contains a bill of exceptions which sets forth the evidence given on the trial, and states an exception to the judgment, which appears to be the only objection raised to the action of the Court. The decision of the cause turns upon the weight of evidence; but the defendants below, having failed to move for a new trial, the question whether it does or does not sustain the judgment, is not properly before us. We have, however, looked into the evidence, and are of opinion that the Court, in its finding and judgment, committed no error.

The judgment is affirmed, with 10 per cent. damages and costs.

*B. F. Gregory* and *J. Harper*, for the appellants.

*R. A. Chandler*, for the state.